UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHIKENNA D. JONES                              CIVIL ACTION

VERSUS                                          NUMBER 12-362-BAJ-RLB

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 24, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHIKENNA D. JONES                    CIVIL ACTION

VERSUS                               NUMBER 12-362-BAJ-RLB

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.

**MAGISTRATE JUDGE'S REPORT**

A review of the record showed that the defendant was served on August 9, 2012 and filed an answer on August 31, 2012. This case was set for a scheduling conference on September 20, 2012, and the plaintiff was to file a status report by September 6, 2012.[1] Plaintiff failed to file a status report. The scheduling conference was reset to November 1, 2012, with a status report due October 18, 2012 and plaintiff to show cause, in writing, why sanctions should not be imposed against her, for her failure to file the status report as directed.[2] Notice was sent to plaintiff by certified mail. The certified mail receipt was returned signed, but it was not signed by plaintiff, and plaintiff did not file the required status report or respond to the rule to show cause.[3]

Thereafter, the Court's order dated November 2, 2012,[4] was issued directing plaintiff to show cause, in writing, why sanctions should not be imposed against her, for her failure to file the status report as directed and respond to the show cause order. Notice was again sent to plaintiff by

---

[1] Record document number 4.

[2] Record document number 8.

[3] The court takes judicial notice of the Order to Surrender issued in *USA v. Chikenna D. Jones*, requiring that she surrender to the Attorney General by reporting to the designated facility of the Bureau of Prison on September 10, 2012 to begin serving the sentence imposed in those cases. See CR 10-104, record document 565 and CR 11-9, record document 259.

[4] Record document number 11.

certified mail. The notice was returned to the Court marked "refused". A written response to the order had to be filed by February 20, 2013. The show cause order included this warning: "The plaintiff is put on notice that if no response to this order is submitted by February 20, 2013, the court will recommend dismissal of this matter." Plaintiff has again failed to respond to the Court's order.

Pursuant to Local Rule 41.2.C., the failure of a pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to a party or the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days. Plaintiff has not kept the court apprised of any address change.[5]

In addition, Federal Rules of Civil Procedure Rule 41(b) allows the court to dismiss an action "...for failure of the plaintiff to prosecute or to comply with these rules or a court order..."

As a practical matter, the case cannot proceed against the defendants if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. Plaintiff's failure to prosecute her own claims effectively deprives the defendants of the opportunity to defend themselves from the allegations made against them. The plaintiff has repeatedly failed to respond to court orders, and has failed to prosecute this action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to Local Rule 41.2.C. and Rule 41(b), for failure to prosecute.

Signed in Baton Rouge, Louisiana, on May 24, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff has not provided the court with a mailing address different from the one on her Complaint.